1

2

3

4

5

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

8    LAKESIDE ISC, L.L.C. a
     Washington Limited Liability
     Company,

9                                              NO.  CV-07-26-RHW
             Plaintiff,

10
       v.                                      **ORDER DENYING PLAINTIFF'S
11                                             MOTION FOR PRELIMINARY
     LAKESIDE TECHNOLOGIES,                    INJUNCTION**
12   L.L.C., a Washington Limited
     Liability Company; LAKESIDE
13   CAPITAL GROUP, L.L.C., a
     Washington Limited Liability
14   Company; BORIS KERBIKOV, an
     individual, CARY GOUGE, an
15   individual; RICHARD BARTLETT,
     an individual; and JOHN
16   HEMMINGSON, an individual,

17           Defendants.

18        Before the Court is Plaintiff's Motion for Preliminary Injunction (Ct. Rec.

19   2).  On February 7, 2007, a hearing was held on the motion on an expedited basis.

20   Plaintiff was represented by Paul Brown and Mark Bailey.  Defendants, other than

21   Defendant Cary Gouge, were represented by Michael Wolfe.  This Order

22   memorializes the Court's oral ruling.

23                              **BACKGROUND**

24        In May 2004, Tahoe Capital Group, L.L.C. and Defendant Lakeside

25   Technologies ("LT") entered into a Limited Liability Company Agreement and

26   formed Plaintiff Lakeside ISC, L.L.C. ("LISC").  The focus of the newly created

27   company was the development, sale and support of legal case management

28

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION ~ 1**

software, legal forms, legal agreements and related technology. Its products included Forms Gold, Case Management Gold, Immigrant Professional, and Immigrant Online, which were initially developed by the principals of Tahoe before LISC was formed, and products developed by Defendant, which included a bankruptcy law product, a divorce law product, and an "e-forms" product.

The relationship deteriorated, and Defendant LT commenced a lawsuit in Spokane County Superior Court in 2005, seeking to judicially dissolve LISC because of irreconcilable differences between the members. The parties were able to settle the lawsuit at mediation, and entered into a Settlement Agreement. Pursuant to the Settlement Agreement, LISC agreed to purchase LT's minority interest in LISC for $300,000 to be paid in installments. LT agreed to transfer certain assets to LISC, and agreed to not compete against LISC.

Plaintiff alleges that Defendants have breached the Settlement Agreement by failing to turn over any and all of the business and proprietary assets as defined in the Settlement Agreement and by failing to refrain from competing with LISC in the business of legal forms and case management software or technology. Specifically, Plaintiff alleges that Defendants are operating websites that directly compete with it. Plaintiff seeks a preliminary injunction directing Defendants to comply with their contractual obligations contained in the Settlement Agreement.

Since the filing of the Complaint and the Motion for Preliminary Injunction, it appears that Defendants have removed access from the alleged competing websites.

### DISCUSSION

The Ninth Circuit has identified two sets of criteria for preliminary injunctions. *Earth Island Inst. v. U.S. Forest Serv.*, 442 F.3d 1147, 1159 (9th Cir. 2006). Under the traditional equitable analysis for granting a preliminary injunction, Plaintiff must show "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiffs if injunctive relief is not

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION ~ 2**

granted; (3) a balance of hardships favoring the plaintiffs; and (4) advancement of the public interest." *Mayweathers v. Newland*, 258 F.3d 930, 938 (9th Cir. 2001) (citations omitted).  Under the alternative standard, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits.  *Earth Island Inst.*, 442 F.3d at 1159.  These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  *Id.* Accordingly, "the greater the relative hardship to the moving party, the less probability of success must be shown." *Id.* (citation and internal quotation marks omitted).  For equitable relief to be appropriate, there must generally be no adequate legal remedy.  *Continental Airlines, Inc. v. Intra Brokers*, *Inc.*, 24 F.3d 1099, 1103 (9th Cir. 1994).

The Court finds that Plaintiff has not made an adequate showing that a preliminary injunction is necessary at this point in the proceedings.  The nature of the injuries are speculative.  Plaintiff has not shown that Defendants are actually competing against it in violation of the Settlement Agreement.  Also, Plaintiff has not shown that there is no adequate legal remedy or the damages would not be sufficient if Plaintiff were to prevail in this action.  Moreover, what Plaintiff is seeking is an injunction to enforce the Settlement Agreement, which is enforceable on its own without the need for an injunction.  The Settlement Agreement contains a mandatory arbitration clause.  Whether Defendants violated the Settlement Agreement is an issue that is best addressed through the arbitration process.  Once that determination is made, the Court will be in a better position to determine the degree of Plaintiff's likelihood of success on the merits.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction (Ct. Rec. 2) is **DENIED**.

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION ~ 3**

1    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

2  Order and forward copies to counsel.

3    **DATED** this 12th day of February, 2007.

4                        *s/ Robert H. Whaley*

5                     ROBERT H. WHALEY
                 Chief United States District Judge
6

7

8

9

10  Q:\CIVIL\2007\Lakeside ISC\deny2.wpd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION ~ 4**