UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAKESIDE ISC, L.L.C. a Washington Limited Liability Company,<br><br>      Plaintiff,<br><br>    v.<br><br>LAKESIDE TECHNOLOGIES, L.L.C., a Washington Limited Liability Company; LAKESIDE CAPITAL GROUP, L.L.C., a Washington Limited Liability Company; BORIS KERBIKOV, an individual, CARY GOUGE, an individual; RICHARD BARTLETT, an individual; and JOHN HEMMINGSON, an individual,<br><br>      Defendants. | NO. CV-07-26-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY; MOTION FOR PROTECTIVE ORDER** |

Before the Court are Defendants' Motion to Stay (Ct. Rec. 26) and Defendants' Motion for Protective Order (Ct. Rec. 37). On March 5, 2007, a telephonic hearing on Defendant's Motion for Protective Order was held on an expedited basis. Plaintiff was represented by Paul Brown and Mark Bailey. Defendants, other than Defendant Cary Gouge, were represented by Michael Wolfe.

Defendants seek to stay the above-captioned proceedings until the issues can be resolved through arbitration.[1] Plaintiff does not object to a stay of the proceedings, but asks the Court to retain jurisdiction to administer and enforce

---

[1] Defendants noted the hearing on the Motion to Stay for March 12, 2007.

**ORDER GRANTING DEFENDANTS' MOTION TO STAY; MOTION FOR PROTECTIVE ORDER** ~ 1

discovery against third-parties. Plaintiff has issued third-party *subpoena duces tecum.* In response, Defendants filed a Motion for Protective Order, and noted the hearing on an expedited basis. Because the Court has been briefed on Defendants' Motion to Stay, and because the Motion for Protective Order would be moot if the Court grants Defendants' Motion to Stay, it is not necessary to wait until March 12, 2007, to hear the motion.

Pursuant to 9 U.S.C. § 3, if arbitration can resolve the pending issues that are before the federal district court, the court shall stay the trial of the action until arbitration has been made in accordance with the terms of the arbitration agreement. Federal courts recognize strong policy in favor of arbitration. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999). In this case, the issue is not necessarily whether the Court should stay the proceedings, but the scope and extent of the stay. Plaintiffs argue that the Court should grant the stay but retain jurisdiction over third-party discovery.

Courts that have addressed this issue have overwhelmingly declined to exercise jurisdiction to permit discovery in a stayed proceeding pending arbitration. *Corpman v. Prudential-Bache Securities, Inc.*, 907 F.2d 29 (3rd Cir. 1990) ("Where an action has been stayed pending arbitration, a district court may not permit the parties to conduct discover under the Federal Rules of Civil Procedure."); *Suarez-Valdez v. Shearson Lehman/American Express, Inc.*, 858 F.2d 648, 649 (11th Cir. 1988) ("An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules."). In doing so, some courts have recognized an "extraordinary circumstance" exception to this general rule. *Deiulemar Compagnia Di Navigazione v. M/V Allegra*, 198 F.3d 473, 479 (4th Cir. 1999); *In re Deiulemar Di Navigazione*, 153 F.R.D. 592, 593 (E.D.La.1994) (permitting Rule 27 perpetuation of evidence); *Oriental Commercial & Shipping Co. v. Rosseel*, 125 F.R.D. 398, 400 (S.D.N.Y.1989) ("[D]iscovery 'in aid of arbitration' is permitted by the courts where a movant can demonstrate

**ORDER GRANTING DEFENDANTS' MOTION TO STAY; MOTION FOR PROTECTIVE ORDER ~ 2**

'extraordinary circumstances.' "); *Ferro Union Corp. v. S.S. Ionic Coast*, 43 F.R.D. 11, 14 (S.D.Tex.1967) (permitting discovery under Rule 34 where evidence was located on a ship that was about to leave United States waters).  Limited discovery is inherent in arbitration, however, and courts have held that this is not a basis for circumventing the arbitration agreement.  *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 30 (1991) ("Although those procedures might not be extensive as in the federal courts, by agreeing to arbitrate, a party 'trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration.'"); *Kristian v. Comcast Corp.*, 446 F.3d 25, 42-43 (1st Cir. 2006).

      Plaintiff argues that extraordinary circumstances are present in this case because this case involves internet commerce, web sites, and the need to conduct third-party discovery.  The Court does not agree and declines to retain jurisdiction over these proceedings in order to monitor third party discovery.  Implicit in the decision to retain jurisdiction over these proceedings would be the decision that third-party discovery is necessary to the arbitration proceedings.  Whether the subpoenas would be necessary to effectuate arbitration is a decision left to the arbitrator, not this Court.  Moreover, Plaintiff has not shown any special need or hardship.  In agreeing to resolve any dispute regarding the settlement agreement through arbitration, Plaintiff agreed to the limited discovery that is inherent to arbitration.  The Court will not circumvent that agreement by retaining jurisdiction over third-party discovery that is directly related to the issues before the arbitrator.

      Accordingly, **IT IS HEREBY ORDERED:**

      1. Defendants' Motion to Stay (Ct. Rec. 26) is **GRANTED**.

      2. Defendants' Motion for Protective Order (Ct. Rec. 37) is **GRANTED**.

      3. Defendants' Motion for Order Shortening Time (Ct. Rec. 41) is **GRANTED**.

      4. The above-captioned case is **STAYED** until further notice by the Court.

**ORDER GRANTING DEFENDANTS' MOTION TO STAY; MOTION FOR PROTECTIVE ORDER ~ 3**

5. Within 10 days from the conclusion of the arbitration proceedings, the parties shall notify the Court of the status of this case.

6. The Court **quashes** the following subpoenas that have been issued by Plaintiff in this case:

| Party | Date subpoena was issued |
|---|---|
| Choquette Law<br>Seattle, WA | February 16, 2007 |
| Mylawyer.com<br>Owing Mills, MD | February 16, 2007 |
| Google, Inc.<br>Mountain View, CA | February 16, 2007 |
| Washington Divorce Online<br>Kent, WA | February 22, 2007 |
| Data Pipe.net<br>Hoboken, NJ | February 22, 2007 |
| 1 & 1 Internet, Inc.<br>Chesterbrook, PA | February 22, 2007 |
| Godaddy.com<br>Scottsdale, AZ | February 22, 2007 |
| Client Intellect, Inc.<br>Orlando, FL | February 22, 2007 |
| Network Solutions<br>Herndon, VA | February 22, 2007 |

7. Plaintiff's *ex parte* Motion for Leave to File Overlength Brief (Ct. Rec. 7) is **GRANTED**.

8. Defendant's Motion for Leave to File Excess Pages (Ct. Rec. 13) is **GRANTED**.

///
///
///
///
///

**ORDER GRANTING DEFENDANTS' MOTION TO STAY; MOTION FOR PROTECTIVE ORDER** ~ 4

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 7th day of March, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Lakeside ISC\stay.wpd

**ORDER GRANTING DEFENDANTS' MOTION TO STAY; MOTION FOR PROTECTIVE ORDER ~ 5**